FILED
2017 Aug-18  PM 03:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **Breeana Miller**, **Amber Turner**, and **Victoria Simpson**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **JAH, LLC**, d/b/a Jimmy's Lounge, <br><br> Defendant. | Case No. 5:16-cv-01543-AKK |

## RESPONSE IN OPPOSTION TO PLAINTIFFS' AMENDED MOTION FOR CONDITIONAL CERTIFICATION

Defendant JAH, LLC respectfully submits the following Response in Opposition to Plaintiffs Breeana Miller, Amber Turner, and Victoria Simpson's Amended Motion for Conditional Certification (Doc. 48) and the accompanying Amended Brief in Support of Motion for Conditional Certification (the "Brief", Doc. 49). JAH submits that the Plaintiffs have not met their burden of showing the existence of similarly situated class members who wish to opt in to this litigation. Moreover, JAH submits that the Plaintiffs' demands for information are overbroad and that the Plaintiffs' proposed notice is inadequate to properly notify potential class members of the posture of this case. In support, JAH states as follows:

**Relevant Background**

The Plaintiffs initiated this action by filing a complaint (the "Complaint," Doc. 1) in this Court on September 16, 2016 naming a defunct entity, POR Enterprises, Inc. ("POR") as the defendant.  The Complaint alleged that POR was the proprietor of a nightclub known as "Jimmy's Lounge," that the Plaintiffs were formerly employed as exotic dancers at Jimmy's Lounge, and that Jimmy's Lounge had failed to pay the Plaintiffs and other exotic dancers the minimum wage.  (See generally Complaint).   Simultaneously with the Complaint, the Plaintiffs filed a motion seeking leave to proceed anonymously.  (See Doc. No. 3).  On September 19, 2016, and without the benefit of briefing by POR, United States Magistrate Judge Harwell G. Davis, in a text order, allowed the Plaintiffs to proceed anonymously.  (See Doc. 4).

On February 8, 2017, the Plaintiffs moved for entry of default against POR.  (See Doc. 12).  That same day, the Clerk of Court entered default against POR Enterprises, Inc.  (See Doc. No. 14).  On February 20, 2017, POR moved the Court to set aside the Clerk of Court's entry of default, noting in its motion that, among other defects, the Court had not obtained personal jurisdiction because the Plaintiffs did not

properly serve POR with process.[1]  (See Doc. 14 at 4–7).  The Court ordered the Clerk's entry of default set aside the next day.  (See Doc. 16).

On March 6, 2017, the Plaintiffs simultaneously filed a notice of dismissal of POR (Doc. 17) and an amended complaint (the "Amended Complaint," Doc. 18) naming JAH as the sole defendant in this action, and alleging substantially the same facts alleged against POR in the Complaint against JAH as the actual owner of Jimmy's Lounge.  On March 31, 2017, JAH filed an answer (the "Answer," Doc. 22).  On April 4, 2017, JAH moved the Court to require the Plaintiffs to litigate in their own names, (the "Anonymity Motion", Doc. No. 26), citing, inter alia, the extreme prejudice and inherent unfairness of tying JAH's arm behind its back with respect to discovery.  (Id. at 20–24).

On July 3, 2017, the Plaintiffs anonymously filed a motion and supporting brief seeking conditional certification of a collective action class. (See Docs. 36–37). During the pendency of that motion, the Court granted the Anonymity Motion. (Doc. 43). The parties conferred, and filed a joint motion to hold the Plaintiffs' anonymous motion to conditionally certify moot, which the Court granted on July 26, 2017. (Docs. 45–46). The Plaintiffs filed a second amended complaint (Doc. 47) on August 7, 2017 setting forth their names as required under Federal Rule of Civil Procedure

---

[1] This motion also pointed out that POR did not own Jimmy's Lounge. (Doc. 14 at 8–9).

10. Concurrently with their second amended complaint, the Plaintiffs filed the instant Motion and Brief.

## Standard of Review

Section 16(b) of the FLSA allows the maintenance of a collective action suit "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). An important distinction between an FLSA collective action suit and a Rule 23 class action is that a collective action suit requires the affirmative consent of each member of the collective action class. Id.; Anderson v. Cagle's, Inc., 488 F.3d 945, 950 n.3 (11th Cir. 2007). The Eleventh Circuit has approved a two-step method for the conduct of collective action suits under the FLSA. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008). First, the collective action plaintiffs obtain "conditional certification" under which they give potential class members notice of the suit and an opportunity to opt in; and second, the Court will review the appropriateness of the collective action class on a defendant's motion to decertify once the parties have had the opportunity to conduct significant discovery. Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207 (5th Cir. 1995)); see also Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567–68 (11th Cir. 1991).

4

While a district court has discretion to conditionally certify a class, that discretion is not unbounded. <u>Hoffman-La Roche Inc. v. Sperling</u>, 493 U.S. 165, 169, 174 (1989);[2] <u>Morgan</u>, 551 F.3d at 1259.  Before conditionally certifying a class, a court should "satisfy itself that there are other employees of the []employer who desire to 'opt-in' and are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." <u>Dybach</u>, 942 F.2d at 1567; <u>see also</u> <u>Morgan</u>, 551 F.3d at 1259 ("The key to starting the motors of a collective action is a showing that there is a similarly situated group of employees.") Although the standard of review is "flexib[le]", <u>see</u> <u>Hipp</u>, 252 F.3d at 1214, 128–19, the district court is not a rubber stamp for conditional certification.  <u>In re Inter-Op Hip Prosthesis Liability Litigation</u>, 204 F.R.D. 330, 338 (N.D. Ohio 2001).

## Discussion

The Plaintiffs seek various forms of relief from the Court, including conditional certification of a collective action class, an order directing JAH to turn over voluminous personal information regarding dancers who have performed at Jimmy's Lounge, and approval of a notice of this case to be sent to those dancers. JAH submits that conditional certification is inappropriate at this stage of the litigation, as the Plaintiffs have not shown a reasonable basis for the Court to believe that there

---

[2] <u>Hoffman</u> was a collective action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 <u>et seq</u>.  The collective action procedures under the ADEA are the same as those under the FLSA, as the ADEA specifically incorporates 29 U.S.C. 216(b).  <u>See</u> 29 U.S.C. § 626(b).

are similarly situated potential opt-in class members who wish to join this action. Moreover, even were conditional certification proper, the Plaintiffs' request for information is wildly overbroad and intrusive and the proposed notice is both inadequate to properly inform potential opt-in class members and prejudicial to JAH.

## I.   The Plaintiffs Have Not Shown a Reasonable Basis for the Court to Believe that Conditional Certification Is Appropriate.

Court-ordered notice is not an excuse for improper solicitation of claims, and a district court should " 'avoid the stirring up of litigation' " by the premature or unwarranted grant of a motion for conditional certification. Hoffman-LaRoche, 493 U.S. at 173; Freeman v. Wal-Mart Stores, Inc., 256 F. Supp. 2d 941, 944 (W.D. Ark. 2003) (quoting Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 266–267 (D. Minn. 1991)). A plaintiff moving for conditional certification of an FLSA collective action class bears the burden of showing **both** that there are other employees who actually desire to opt in and that these other employees are similarly situated to each other and the putative class representatives.    Dybach, 942 F.2d at 1567–68; Anderson., 488 F.3d at 952 (11th Cir. 2007); Bennett v. Hayes Robertson Group, Inc., 880 F. Supp. 2d 1270, 1282–83 (S.D. Fla. 2012); Saxton v. Title Max of Ala., Inc., 431 F. Supp. 2d 1185, 1187 (N.D. Ala. 2006).  The Plaintiffs here have failed in their first duty to show that other employees actually desire to opt in.

In order to establish the existence of other employees who wish to opt-in, the Plaintiffs rely on their own belief that such employees exist. (See Declaration of

6

Breeana Miller at ¶ 23, Doc. 49-1; Declaration of Amber Turner at ¶ 18, Doc. 49-2; Declaration of Victoria Simpson at ¶ 18, Doc. 49-3). Turner and Simpson, using strikingly similar language, mechanically state that they "know this because dancers often complain of the high tip outs, increasing tip outs, being told when to dance, being told how much to charge for private dances, and paying for the DJ. Many dancers have voiced these complaints to me in conversations at work." (Turner Decl. at ¶ 18; Simpson Decl. at ¶ 18). Miller, on the other hand, baldly states that she "know[s] from years of being in the business that the dancers are not happy with the employment practices at Jimmy's, particularly paying tip outs and paying the house for private dances as well as not being paid, that they would be interested in joining a case against Jimmy's if they are given notice of an ongoing case." (Miller Decl. at ¶ 23).

### A. The Plaintiffs' Statements Only Establish Their Willingness to Opt-In, not the Willingness of Others.

"[A] plaintiff's mere stated belief in the existence of other employees who desire to opt-in is insufficient, and . . . 'unsupported expectations that additional plaintiffs will subsequently come forward are also insufficient.' " Davis v. Charoen Pokphand (USA), Inc., 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004) (citing Horne v. United States Auto. Ass'n, 279 F. Supp. 2d 1231, 1236 (M.D. Ala. 2003); quoting Mackenzie v. Kindred Hosps. E., L.L.C., 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2001)). As in Davis, the Plaintiffs seek to establish the existence of additional opt-

in Plaintiffs through their own supposition and beliefs about what other people may do. In particular, the Plaintiffs rely on the grumbling of other dancers about the conditions at Jimmy's Lounge to jump to the conclusion that these other dancers will leap at the opportunity to join a collective action class—but what the Plaintiffs' statements lack is **any indication whatsoever** that any other dancer has ever expressed a desire to file or join a lawsuit against JAH over alleged unpaid wages. To be sure, the Plaintiffs bootstrap this grumbling into a guess that these dancers would join a lawsuit—but this sort of speculation does not establish the existence of potential opt-in plaintiffs. See Guerra v. Big Johnson Concrete Pumping, Inc., No. 05-14247-CIV, 2006 WL 2290512, at *2 (S.D. Fla. May 17, 2006); Davis, 303 F. Supp. 2d at 1277 (testimony that several other employees were unhappy and would join a lawsuit, without affidavits or consents from those employees, insufficient to support certification).

   B.  *The Plaintiffs' Failure to Identify an Opt-In Plaintiff Weighs Heavily Against Conditional Certification.*

   "Several courts have found that 'consents to join' and/or affidavits from only a couple of employees other than the plaintiff may not be sufficient to satisfy the [interest] prong[.]" Robinson v. Dolgencorp, Inc., No. 5:06-cv-122-Oc-10GRJ, 2006 WL 3360944, at *4 (M.D. Fla. Nov. 13, 2016) (collecting cases).  The inquiry into whether sufficient interest exists is a "relative question" based in part on the size of the proposed class.  Kerce v. W. Telemarketing Corp., 575 F. Supp. 2d 1354, 1365

(S.D. Ga. 2008). The Plaintiffs claim that the potential collective action class membership is "over 50 exotic dancers[.]" (Brief at 17). The Plaintiffs filed this lawsuit on September 16, 2016—nearly eleven months before they filed the Motion. In that time, they have found exactly **one** plaintiff willing to join their cause. The creation of a collective action class—even a conditionally certified collective action class—requires a plaintiff to identify at least **some** opt-in plaintiffs. See Tahir v. Avis Budget Group, Inc., No. 09-3495(SRC), 2011 WL 1327861, at *4 n.1 (D.N.J. Apr. 6, 2011) (lack of interest after the plaintiff has had opportunity to solicit other potential opt-in plaintiffs "militates against granting conditional certification").[3]

The twin purposes of a collective action suit—enhancement of judicial economy and lower-cost vindication of rights for plaintiffs—are better served through permissive joinder and severance under Federal Rules of Civil Procedure 20 and 42 than the cumbersome and expensive notice process when only a few plaintiffs exist. See White v. KCPAR, Inc., No. 6:05-cv-1317-Orl-22DAB, 2006 WL 1722348, at *3 (M.D. Fla. June 20, 2006) (two identified opt-in plaintiffs); Rodgers v. CVS Pharm., Inc., No. 8:05-CV770T-27MSS, 2006 WL 752831, at *5 (M.D. Fla. Mar.

---

[3] To the extent that the Plaintiffs protest that they did not discuss this case due to the anonymous nature of the pleadings, this is a conundrum of their own making. Moreover, the Plaintiffs' desire for anonymity was predicated on their belief that public revelation of their real names would place them in danger and subject them to stigma. It is hard to understand how this desire for anonymity would keep the Plaintiffs from discussing this case with other exotic dancers, who surely were already aware of the Plaintiffs' profession.

23, 2006) (same).    The Plaintiffs have already joined the third plaintiff by amendment of the Complaint. As this is the only additional plaintiff the Plaintiffs have identified in almost a year, the burden and expense of requiring class notice is simply unwarranted.

The Plaintiffs argue that "[t]his is not a case where one plaintiff is seeking to conditionally certify the case. In this case . . . there are three . . . people who have either filed opt-in notices, or indicated their willingness to opt in." (Brief at 12). What the Plaintiffs fail to note in this argument as that each "opt-in" plaintiff is in fact a **named** plaintiff in this suit. To support the contention that the opt-in notices of three named plaintiffs are sufficient to meet their burden to show interest in a collective action suit, the Plaintiffs cite several cases, none of which are apposite to the circumstances here.

In Carmody v. Fla. Ctr. for Recovery, Inc., No. 05-14295-CIV-MARRA/SELTZER, 2006 WL 3666964 (S.D. Fla. Nov. 8, 2008),[4] a nurse proceeding as a sole named plaintiff sought conditional certification of a collective action class under the FLSA. Id., at *1. In support of her motion, the plaintiff nurse submitted the affidavits and consents to join of three other putative class members who were not named plaintiffs in the suit. Id. Judge Marra noted that "the filing of

---

[4] For the Court's convenience, JAH will use the Westlaw citation for unreported cases as a supplement to the Plaintiffs' reliance on LexisNexis.

three opt-in notices provides strong evidence that others desire to join the class." Id. at *4. What Judge Marra found dispositive was that the plaintiff nurse had discovered **additional** plaintiffs for her suit. In contrast, the Plaintiffs here have found additional plaintiffs—each supposed opt-in plaintiff is in fact already a named plaintiff in this suit.

The Plaintiffs cite Lemming v. Security Forces, Inc., No. 8:10-cv-1469-T-26AEP, 2010 WL 5058532 (M.D. Fla. Dec. 6, 2010), for the proposition that " '[t]he number of plaintiffs necessary to demonstrate a desire to opt in is not many, sometimes as few as two, three, or four.' " (Brief at 13). But in Lemming, Judge Lazzara did not pass on the question of whether the plaintiffs had introduced sufficient evidence of interest in a collective action suit. Lemming, 2010 WL 5058532, at *2 ("The parties do not disagree that a sufficient number of potential plaintiffs have expressed a desire to opt-in to the conditional class. The issue in this case focuses solely on whether the members of the proposed nationwide class are 'similarly situated.' "). Regardless, the quoted language from Lemming does not indicate that **no** opt-in plaintiffs would be sufficient to demonstrate a desire by others to opt in to a potential collective action class.

Similarly, the Plaintiffs quote Alequin v. Darden Rests., Inc., No. 12-61743-CIV, 2013 WL 3939373 (S.D. Fla July 12, 2013) to state that "The existence of just one other co-worker who desires to join is sufficient to raise the plaintiff's contention

beyond one of pure speculation." (Brief at 13). In <u>Alequin</u>, the plaintiffs submitted **250** notices from similarly-situated employees wishing to opt in to the litigation, "easily satisf[ying] this District's standards to show the existence of other potential opt-in plaintiffs." <u>Alequin</u>, 2013 WL 3939373, at *4. Obviously, the Plaintiffs' submission of only their own opt-in notices comes nowhere near the submission of the <u>Alequin</u> plaintiffs.

## II.    The Plaintiffs' Request for Information is Overbroad for Any Identified Purpose.

The Plaintiffs ask the Court to order JAH to turn over "names, addresses, social security numbers, email addresses, and any telephone numbers and text numbers it has in its possession" within fourteen days.  This request is wildly overbroad for the "timely, accurate, and informative notice" contemplated in <u>Hoffman-La Roche</u>.  <u>See Hoffman-La Roche</u>, 493 U.S. at 172.  Instead, this information seems calculated to allow the Plaintiffs to "stir up litigation" by advertising the existence of the conditional class through serial and redundant communication methods; permitting Plaintiffs to do so would be to condone conduct approaching harassment solicitation.  <u>See Palmer v. Convergys Corp.</u>, No. 7:10-cv-145 (HL), 2011 WL 1326183, at *2 (M.D. Ga. Aug. 6, 2011) (court must balance the need to notify potential plaintiffs with the duty to avoid the stirring up of litigation through unwarranted solicitation) (citing <u>D'Anna v. M/A-COM, Inc.</u>, 903 F. Supp. 889, 894;

Horne, 279 F. Supp. at 1237). Additionally, JAH can see no legitimate purpose whatsoever in providing the Plaintiffs with anyone's social security numbers.

The Plaintiffs claim that they have submitted evidence that the putative class members are "difficult . . . to contact[.]" (Brief at 22). This bald assertion is at odds with their sworn statements indicating that they have not even *attempted* to contact other potential collective action class members regarding this lawsuit. (See Miller Decl. at ¶ 23; Turner Decl. at ¶ 18; Simpson Decl. at ¶ 18 (all stating that dancers— even ones they talk to regularly—are generally unaware of the suit, and Miller stating that she has not discussed the suit with other dancers)). The Plaintiffs go on to argue that electronic means of communication are the norm, and that they should be allowed to engage in a barrage of champerty by sending multiple unsolicited notices by mail, electronic mail, telephone call, and text message.[5] (Brief at 22–23). In contrast with the cases cited by the Plaintiffs, other courts have held that such broad disclosure is wholly unnecessary. See Garcia v. TWC Admin., LLC, No. SA:14-cv-985-DAE, No. SA:14–CV–985–DAE, 2015 WL 1737932, at *4 (W.D. Tex. Apr. 16, 2015) (holding that names and addresses are sufficient to ensure notice is received); Ruiz v. Monterey of Lusby, Inc., No. DKC 13-3792, 2014 WL 1793786, at *3 n.1 (D. Md. May 5, 2014) (absent showing of special need, disclosure

---

[5] Again, failing to explain why they want or what they plan to do with social security numbers.

of class members' phone numbers inappropriate); <u>Delaney v. Geisha NYC, LLC</u>, 261 F.R.D. 55, 60 (S.D.N.Y. 2009) (denying request for disclosure of social security numbers without showing of need); <u>Houston v. URS Corp.</u>, 591 F. Supp. 2d 827, 836 (E.D. Va. 2008) (request for phone number of class members denied as mailing addresses sufficient for contact); <u>Ruggles v. WellPoint, Inc.</u>, 591 F. Supp. 2d 150, 163 (N.D.N.Y. 2008) (denying request for disclosure of telephone numbers and partial social security numbers).

In light of the above, JAH proposes that, should the Court determine that conditional certification of a collective action class is appropriate at this time, that the Court place the following limits on the Plaintiffs' ability to solicit additional collective action class members:

| Method of Notification | Notices sent by Plaintiffs' counsel to class members' home addresses in plain envelopes bearing Plaintiffs' counsel's return address along with a self-addressed stamped envelope. |
| --- | --- |
| Deadline for Notification | All notices to be mailed within 30 days of the Court's order conditionally certifying a class. |
| Deadline for Joining Class | All opt-in notifications to be filed with the Court within 60 days of the Court's order conditionally certifying a class. |

## III. The Plaintiffs' Proposed Notice Is Inadequate to Properly Inform the Putative Collective Class Members of the Posture of the Case.

Collective actions allow plaintiffs to vindicate their rights at lower cost and promotes efficiency in the judicial system by consolidating multiple claims

involving common issues of law and fact.  Hoffman-La Roche Inc., 493 U.S. at 171 (1989).  "These benefits . . . depend on employees receiving **accurate** at timely notice concerning the pendency of the collective action, so that they can make **informed** decisions about whether to participate." Id. (emphasis supplied).  Court-authorized notice counters "the potential for misuse of the class device" through "misleading communications." Id.  To further this aim, district courts enjoy "broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." Butler v. DirectSat USA, LLC, 876 F. Supp. 2d 560, 574 (D.Md. 2012) (quoting Lee v. ABC Carpet & Home, 236 F.R.D. 193, 202) (S.D.N.Y. 2006)).

JAH notes that, despite this being common practice in FLSA suits, the Plaintiffs have not conferred with the undersigned regarding the form of class notification. See, e.g., Williams v. Omainsky, No. 15-123-WS-N, 2016 WL 297718, at *12 (S.D. Ala. Jan. 21, 2016); Barnes v. Aventura Finest Carwash, No. 15-cv-21699-KMM, 2015 WL 11201213, at *2 (S.D. Fla. Aug. 5, 2015); Roman v. Burger King Corp., No. 15-cv-20455-KMM, 2015 WL 12881153, at *3 (S.D. Fla. June 2, 2015); Espinoza v. Galardi S. Ents., Inc., No. 14-21244-CIV, 2014 WL 5410307, at *1 (S.D. Fla. Oct. 23, 2014).  Had the Plaintiffs engaged JAH in discussion regarding the proposed notice, it could have saved the Court and the parties time in wrangling over the proper form of this notice in motion practice.  While JAH could provide analysis of each of the objectionable provisions in the Plaintiffs' proposed notice at the

15

Court's request, for convenience, simplicity, and the Court's reference JAH has attached a "redline" version of the Plaintiff's proposed notice highlighting JAH's concerns.  (See Exhibit A).  JAH has also attached a "clean" version of the proposed notice incorporating JAH's changes.  (See Exhibit B).

## Conclusion

The Plaintiffs' Motion fails to set forth a reasonable basis for the Court to believe that there are similarly-situated class members who wish to opt-in to this litigation.  As a result, conditional class certification is inappropriate at this stage. Even had the Plaintiffs carried their burden, JAH believes that their demands for class members' private information are wildly overbroad and that the notice they propose is inadequate.  Therefore, JAH requests that the Court deny the Plaintiffs' Motion in its entirety.  If the Court determines that the Plaintiffs have sufficiently demonstrated entitlement to conditional class certification, JAH requests that the Court limit the information they are entitled to such names and addresses that JAH has in its possession, adopt the plan set forth in Section II, and mandate the use of the proposed notice attached as Exhibit B to this brief.

Respectfully submitted,

s/ David J. Canupp
David J. Canupp

s/ Michael W. Rich
Michael W. Rich

16

Lanier Ford Shaver & Payne, P.C.
2101 West Clinton Avenue, Suite 102
Huntsville, Alabama 35805
256-535-1100 telephone
256-533-9322 facsimile
djc@lanierford.com
mwr@lanierford.com

Attorneys for JAH, LLC d/b/a Jimmy's Lounge

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing with the Clerk of Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

> Brian M. Clark
> Wiggins Childs Pantazis Fisher & Goldfarb
> The Kress Building
> 301 19th St. N
> Birmingham, Alabama 35203
> Telephone: 205-314-0500
> Facsimile: 205-254-1500
> bclark@wigginschilds.com

this the 18th day of August, 2017.

                                        s/ David J. Canupp
                                        David J. Canupp